Filing # 128722511 E-Filed 06/14/2021 04:48:32 PM

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>CLAY</u>  COUNTY, FLORIDA

<u>Jesse M Davis</u>
Plaintiff                                                      Case # _____

                                                              Judge  _____

vs.
<u>ERP- Professionals, Inc., et al</u>
Defendant

_____

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
　　　☐ Business governance
　　　☐ Business torts
　　　☐ Environmental/Toxic tort
　　　☐ Third party indemnification
　　　☐ Construction defect
　　　☐ Mass tort
　　　☐ Negligent security
　　　☐ Nursing home negligence
　　　☐ Premises liability—commercial
　　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　　☐ Commercial foreclosure
　　　☐ Homestead residential foreclosure
　　　☐ Non-homestead residential foreclosure
　　　☐ Other real property actions

☐Professional malpractice
　　　☐ Malpractice—business
　　　☐ Malpractice—medical
　　　☐ Malpractice—other professional
☒ Other
　　　☐ Antitrust/Trade regulation
　　　☐ Business transactions
　　　☐ Constitutional challenge—statute or ordinance
　　　☐ Constitutional challenge—proposed amendment
　　　☐ Corporate trusts
　　　☒ Discrimination—employment or other
　　　☐ Insurance claims
　　　☐ Intellectual property
　　　☐ Libel/Slander
　　　☐ Shareholder derivative action
　　　☐ Securities litigation
　　　☐ Trade secrets
　　　☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    VII, I Age Discrimination, II ADEA Age discrimination, III unpaid wages, IV Breach, V Unpaid Wages, VI Unpaid Wages, VII Unpaid Wages

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Kelly H. Chanfrau        Fla. Bar # 560111
        Attorney or party                (Bar # if attorney)

Kelly H. Chanfrau            06/14/2021
    (type or print name)           Date

Filing # 128722511 E-Filed 06/14/2021 04:48:32 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR CLAY COUNTY, FLORIDA**

JESSE M. DAVIS,

                Plaintiff,

vs.

ERP-Professionals, Inc., a Florida Profit
Corporation, and ERP ANALYSTS, INC., a
Florida Foreign Profit Corporation, a/k/a
ERPA GROUP

                Defendants.
_____/

Case No.:
**JURY TRIAL DEMANDED**

## **COMPLAINT**

Plaintiff JESSE M. DAVIS ("Plaintiff"), by and through his attorneys, sues Defendant

ERP-PROFESSIONALS, INC. and Defendant ERP ANALYSTS, INC. a/k/a ERPA GROUP

(collectively, "Defendants") and alleges as follows:

### **PARTIES**

1.      At all times material hereto, Plaintiff was a resident of Clay County, Florida.

2.      Defendant ERP-PROFESSIONALS, INC. is a Florida corporation with its

principal place of business in Dublin, Ohio, and is licensed and authorized to conduct business in

the State of Florida.

3.      Defendant ERP ANALYSTS, INC. a/k/a ERPA GROUP is a Florida Foreign Profit

Corporation in Florida, and is licensed and authorized to conduct business in the State of Florida.

### **JURISDICTION AND VENUE**

4.      This court has subject matter jurisdiction over this case because it is an action for

damages in excess of $30,000.00 exclusive of interest, attorneys' fees, and costs.

5.      This court has jurisdiction over Defendants because:

    a.   Defendants operate, conduct, engage in, and/or carry on a business or business venture in the State of Florida;

    b.   Defendants entered a contract/agreement with Plaintiff, a resident of the State of Florida, and breached the contract/agreement by failing to perform acts required by the contract/agreement;

    c.   Defendants caused injury to Plaintiff in the State of Florida arising out of an act or omission by Defendants who were engaged in solicitation or service activities within this state at the time of injury;

    d.   Defendants employed Plaintiff as a remote employee. Plaintiff resided in Clay County, Florida during his employment with Defendants and primarily preformed services for Defendants at his residence in Clay County, Florida.

    e.   Defendants engaged in substantial and not isolated activity within Florida, including hiring Plaintiff to work remotely when Plaintiff resided in Clay, County, Florida.

6.      Venue is proper in Clay County, Florida because Plaintiff worked for Defendants in Clay County, Florida and expected payment from the same in this judicial district; the causes of action accrued in this judicial district; and substantial part of the events giving rise to this claim arose in this judicial district.

## ADMINISTRATIVE PREREQUISITES

7.      All conditions precedent to bringing this action have occurred.

8.      Plaintiff has complied with all conditions precedent to the filing of this suit required by 42 U.S.C. § 2000(e)–5(f)(3) and Florida Statutes, Chapter 760.

9.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR").

10.      EEOC issued a Right to Sue and this lawsuit is timely filed and more than 180 days have passed since the filing of the charges without a finding or determination.

11.      Defendants are both within the definition of the term "employer" as it is defined by the laws under which this action is brought. Defendants jointly employ the required number of employees to be covered under state and federal law.

## GENERAL ALLEGATIONS

12.      At all times material hereto, Defendants acted with malice and with reckless disregard for Plaintiff's stated protected rights.

13.      At all times material hereto, Plaintiff was qualified to perform his job duties as a Director of Customer Success within the reasonable and legitimate expectations of his employer.

14.      Plaintiff has been required to retain the undersigned counsel to provide legal representation in this action and is obligated to pay his counsel a reasonable fee for legal services.

15.      Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.      Plaintiff is a 61-year-old male.

17.      On or about January 12, 2019, Defendants hired Plaintiff as a Director of Customer Success, a primarily remote role.

18.      On or about January 22, 2019, Plaintiff entered an agreement with Defendants titled "Director Compensation Plan for Director of Customer Success January 1, 2019 to December 31,

2019" (the "Agreement"). A true and correct copy of the Agreement is attached to this Complaint as **Exhibit A**.

19.     The Agreement governed Plaintiff's compensation through December 31, 2019.

20.     Under the Agreement, Plaintiff's Total Compensation for 2019 included a Base Salary and Corporate Bonus.

21.     Under the Agreement, Plaintiff's Base Salary was $165,000.00.

22.     Under the Agreement, Plaintiff's Corporate Bonus Target was $24,750.00 (15% of base salary).

23.     Under the Agreement, Plaintiff's Total Target Compensation for 2019 was $189,750.00.

24.     Under the Agreement, compensation is pro-rated for partial year employees.

25.     Plaintiff began working for Defendants on or about March 17, 2019.

26.     Plaintiff was a partial year employee for the year 2019.

27.     Under the Agreement, Defendants were obligated to pay Plaintiff a pro-rated Corporate Bonus for the year 2019.

28.     Plaintiff did not receive any bonus payment for the year 2019.

29.     Plaintiff fully performed his obligations under the Agreement and all conditions precedent were satisfied.

30.     Defendants breached the Agreement by not paying Plaintiff a bonus for the year 2019.

31.     Throughout his employment with Defendants, Plaintiff was under the impression that he was performing at a satisfactory level.

32.     Plaintiff's discussions with his direct supervisor—Louis Leclerc, Senior Vice President of Customer Success—indicated to Plaintiff that he was meeting the requirements of his job and performing his work at a level that met or exceeded the expectations of his employer.

33.     Plaintiff was told that two of his larger clients, Daytona State College and Florida State College at Jacksonville, emailed Leclerc and indicated that they were happy with Plaintiff and his work.

34.     On or about March 24, 2020, Plaintiff was terminated because of his age.

35.     At the time of his termination, Plaintiff was 59 years old.

36.     When questioned by Plaintiff, Defendants refused to respond as to why Plaintiff was being terminated.

37.     Shortly thereafter, Defendants replaced Plaintiff with someone much substantially younger: Jay Holland.

38.     On or about the same day that Plaintiff was terminated, Defendants also terminated at least four other employees over the age of 40: Richard George, Louis Leclerc, Marc Miller, and Robert Troike.

39.     All of the employees terminated on or about March 24, 2020, including Plaintiff, were remote employees.

40.     In or around January 2020—just a few months before Plaintiff's termination—Defendants terminated at least one other remote employee over the age of 40: Steve Keough.

41.     Prior to his wrongful termination, Plaintiff did not receive any indication that his performance had been less than satisfactory.

42.     Defendants' reasons for terminating Plaintiff and treating Plaintiff differently than other employees are a mere pretext.

5

43.     All general and statutory conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by Defendants' actions.

44.     Due to Defendants' actions, Plaintiff had to retain counsel and is obligated to pay reasonable attorneys' fees for their services. Plaintiff requests said attorneys' fees as damages in this lawsuit. Plaintiff is entitled to recover attorneys' fees and costs as may be appropriate under Florida law, federal law, or other applicable law.

## COUNT I – FCRA: AGE DISCRIMINATION

45.     Plaintiff incorporates and realleges paragraphs 1–44  as if fully set forth herein.

46.     Plaintiff is a member of a protected class under the Florida Civil Rights Act of 1992 ("FCRA") due to his age.

47.     The above actions by Defendants were based on Plaintiff's age. Younger persons were not treated this way.

48.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the FCRA.

49.     Pursuant to, and in connection with a common plan, Defendants embarked upon a concerted, systematic, and willful course of discrimination based upon Plaintiff's age, which was over 40.

50.     Defendants' conduct constitutes age discrimination in employment in violation of the FCRA.

51.     Defendants knew or should have known of the discrimination.

52.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

53.     As a result of Defendants' willful, knowing, and intentional conduct, Plaintiff suffered mental anguish, emotional distress, personal embarrassment, and humiliation among his peers, former customers, friends, and family.

54.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Compensatory damages for emotional pain and suffering;

    e.   Punitive damages;

    f.   Attorneys' fees and costs;

    g.   Injunctive relief; and

    h.   All other relief that the Court deems just and proper.

## COUNT II – ADEA: AGE DISCRIMINATION

55.     Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

56.     Plaintiff is a member of a protected class under the Age Discrimination in Employment Act ("ADEA") due to his age.

57.     The above actions by Defendants were based on Plaintiff's age. Younger persons were not treated this way.

58.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of federal law.

59.     Pursuant to, and in connection with a common plan, Defendants embarked upon a concerted, systematic, and willful course of discrimination based upon Plaintiff's age, which was over 40.

60.     The above actions were made by Defendants in knowing or reckless disregard of the requirements of the ADEA and Older Workers Benefit Protection Act ("OWBPA").

61.     Defendants knew or should have known of the discrimination.

62.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

63.     As a result of Defendants' willful, knowing, and intentional conduct, Plaintiff suffered mental anguish, emotional distress, personal embarrassment, and humiliation among his peers, former customers, friends, and family.

64.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Punitive damages;

    f.  Attorneys' fees and costs;

    g.  Injunctive relief; and

    h.  All other relief that the Court deems just and proper.

**COUNT III – UNPAID WAGES UNDER FLA. STAT. § 448.08: BREACH OF WRITTEN EMPLOYMENT CONTRACT**

65.     Plaintiff incorporates and realleges paragraphs 1–44  as if fully set forth herein.

66.     This is a claim by Plaintiff against Defendants for unpaid wages owed to Plaintiff pursuant to a written employment contract/agreement.

67.     Plaintiff and Defendants entered into a written employment agreement. (*See* Ex. A.)

68.     Pursuant to the Agreement, Defendants agreed to compensate Plaintiff for his work at the terms specified above. (*See* Ex. A.)

69.     An essential term of the Agreement was that Defendants would pay Plaintiff according to the terms of said Agreement (detailed in the attached Ex. A).

70.     Defendants materially breached the Agreement by refusing to disburse Plaintiff's pro-rated Corporate Bonus for the year 2019.

71.     Defendants have willfully failed to pay Plaintiff for worked performed.

72.     Plaintiff has been damaged due to Defendants' deliberate failure to pay Plaintiff the appropriate amount for the agreed upon Corporate Bonus for the year 2019. (*See* Ex. A.)

73.     As a direct and proximate result of Defendants' deliberate failure to pay Plaintiff his pro-rated Corporate Bonus for 2019, Plaintiff suffered damages and is owed unpaid wages in the amount equal to his pro-rated Corporate Bonus for the year 2019 (*see* Ex. A), plus interest.

74.     Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

75.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.  Damages in an amount to be determined at trial;

    b.  Costs, interest, and reasonable attorneys' fees; and

    c.  All other relief that the Court deems just and proper.

**COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

76.     Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

77.     Plaintiff and Defendants are parties to a written contract/agreement. (*See* Ex. A.)

78.     Defendants, through a conscious and deliberate act, failed to discharge their contractual obligation to pay Plaintiff a Corporate Bonus for the year 2019.

79.     Defendants' failure unfairly frustrates the contract's purpose and disappoints Plaintiff's expectations.

80.     Defendants' breach deprives Plaintiff of the contract's benefits.

81.     As a result of Defendants' breaches, Plaintiff suffered damages.

82.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.   Damages in an amount to be determined at trial;

    b.   Costs, interest, and reasonable attorneys' fees; and

    c.   All other relief that the Court deems just and proper.

## COUNT V – UNPAID WAGES UNDER FLA. STAT. § 448.08: BREACH OF IMPLIED-IN-FACT CONTRACT

83.     Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

84.     This is a claim by Plaintiff against Defendants for unpaid wages owed to Plaintiff pursuant to an implied-in-fact contract and is pled in the alternative to breach of contract.

85.     Plaintiff and Defendants entered into an employment agreement in which some of the terms are inferred from the parties' conduct and the surrounding circumstances.

86.     The assent of Plaintiff and Defendants is derived from the facts and circumstances, including the parties' conduct, course of dealing, and performance.

87.     Plaintiff and Defendants agreed that Plaintiff's Total Compensation for the year 2019 would include a Base Salary and a Corporate Bonus.

88.     Plaintiff and Defendants agreed that Plaintiff's Total Compensation for the year 2019 would be pro-rated.

89.     Plaintiff's Base Salary for the year 2019 was pro-rated.

90.     Defendants failed to pay Plaintiff a pro-rated Corporate Bonus for the year 2019.

91.     Defendants breached the parties' implied agreement by failing to disburse Plaintiff's pro-rated Corporate Bonus for the year 2019.

92.     As a result of Defendants' breach of the parties' implied agreement, Plaintiff suffered damages and is owed unpaid wages in the amount equal to his pro-rated Corporate Bonus for the year 2019 (*see* Ex. A), plus interest.

93.     Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

94.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.   Damages in an amount to be determined at trial;

    b.   Costs, interest, and reasonable attorneys' fees; and

    c.   All other relief that the Court deems just and proper.

**COUNT VI – UNPAID WAGES UNDER FLA. STAT. § 448.08: PROMISSORY ESTOPPEL**

95.     Plaintiff incorporates and realleges paragraphs 1–44  as if fully set forth herein.

96.     This is a claim by Plaintiff against Defendants for unpaid wages based on promissory estoppel and is pled in the alternative to breach of contract.

97.     Defendants promised to pay Plaintiff a Corporate Bonus for the year 2019.

98.     Defendants represented to Plaintiff that his Corporate Bonus for the year 2019 would be pro-rated.

99.     Defendants reasonably should have expected these promises and representations to induce reliance in the form of action or forbearance on the part of Plaintiff.

100.    Plaintiff reasonably relied on Defendants' promises and representations, which induced such action and forbearance by Plaintiff.

101.     Plaintiff suffered a detriment caused by reliance on Defendants' promises and representations

102.     Injustice can only be avoided by enforcement of these promises and representations against Defendants.

103.     Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

104.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.   Damages in an amount to be determined at trial;

    b.   Costs, interest, and reasonable attorneys' fees; and

    c.   All other relief that the Court deems just and proper.

**COUNT VII – UNPAID WAGES UNDER FLA. STAT. § 448.08: UNJUST ENRICHMENT**

105.     Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

106.     This is a claim by Plaintiff against Defendants for unpaid wages based on unjust enrichment and is pled in the alternative to breach of contract.

107.     Plaintiff conferred benefits on Defendants and Defendants have knowledge thereof.

108.     Specifically, Plaintiff generated revenue for Defendants and expanded Defendants' client and customer base.

109.     Defendants voluntarily accepted and retained the benefits conferred by Plaintiff.

110.     Plaintiff was not compensated fully for his services.

111.     Plaintiff and Defendants agreed that Plaintiff's Total Compensation for the year 2019 would include a pro-rated Corporate Bonus.

112.     Defendants failed to pay Plaintiff a pro-rated Corporate Bonus for the year 2019.

113.     Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff fully for his services.

114.     The circumstances render Defendants' retention of the benefits provided by Plaintiff inequitable unless Defendants pay Plaintiff the value of the benefits.

115.     Defendants have been unjustly enriched at the expense of Plaintiff.

116.     Plaintiff is entitled to damages as a result of Defendants' unjust enrichment.

117.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff suffered damages and is owed unpaid wages in the amount equal to his pro-rated Corporate Bonus for the year 2019 (*see* Ex. A), plus interest.

118.     Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

119.     WHEREFORE, Plaintiff demands judgment against Defendants for:

    a.   Damages in an amount to be determined at trial;

    b.   Costs, interest, and reasonable attorneys' fees; and

    c.   All other relief that the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS


Dated: June 14, 2021                                Respectfully submitted,

                                                            CHANFRAU & CHANFRAU

                                                            */s/ Kelly H. Chanfrau*
                                                            Kelly H. Chanfrau, B.C.S
                                                            Florida Bar No. 560111
                                                            701 N. Peninsula Drive
                                                            Daytona Beach, FL, 32118
                                                            Telephone: 386-258-7313
                                                            Fax: 386-258-8783
                                                            Kelly@Chanfraulaw.com
                                                            Attorney for Plaintiff Jesse M. Davis

-and-

FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Telephone: 205-270-7000
Fax: 205-278-7001

By: /s/ Carmen E. Weite
Carmen E. Weite
Florida Bar No.: 1015582
cweite@friedman-lawyers.com
Attorney for Plaintiff Jesse M. Davis

# Director Compensation Plan

For

# Director of Customer Success

January 1, 2019 to December 31, 2019





# General Provisions

- Hereafter, all references made to the Company will be understood to mean ERP Analysts, Inc. (ERPA).
- ERPA is an At-Will employer.  The existence of this plan does not constitute or imply an agreement for employment for any term and does not limit ERPA's right to terminate the participant's employment, at any time, with or without notice.
- The issuance of this plan for the 2019 calendar year does not, in any way, commit the Company to pay a similar kind of compensation with respect to any subsequent year.  In addition, ERPA reserves the right to modify or cancel any or this entire plan at its sole discretion.
- All plan modifications require approval of the CFO or CEO.
- Eligibility for participation and incentive/bonus payment under this plan requires strict compliance with ERPA policies and procedures regarding ethical business conduct, practices and contracts with client and government representatives, agents, brokers and other intermediaries.
- Participants in this plan must be actively employed at the time of payout to be eligible and to receive any earned payout. Participants must also be actively employed for the entire month, in any given month a payout is to be paid, to qualify for this plan.
- Failure of any individual to fulfill the responsibilities in part or in full as stated in the employee's Position Agreement will, at the sole discretion of ERPA management, disqualify that person from participation in this plan (in part or in full) and/or result in termination from ERPA employment. Any employee involved in ERPA's Progressive Discipline Process will be disqualified from participation during the time they are not in good standing.
- Employees must have an ERPA-approved, signed non-competition employment agreement on file with Human Resources to qualify for the plan.
- Employees must have an ERPA-approved, signed 2019 Position Agreement on file with Human Resources to qualify for the plan.
- Compensation is presented on an annual basis and is pro-rated for partial year employees.

# Total Target Compensation

| | |
|---|---|
| Base Salary | $165,000 |
| Corporate Bonus Target 15% of base | $24,750 |
| | |
| Total on Target Compensation for 2019 | $189,750 |

**Corporate Bonus:** Corporate Bonus will be based on the overall company performance, taking into account both revenue growth and ebitda performance for the following business lines: Direct, Big Data, and Indirect.  For 2019, the below matrix will determine what percentage of the target will be paid.

| Revenue Growth | Bonus Payout as a % of Target Bonus | | | | | |
|---|---|---|---|---|---|---|
| 30% | 100% | 120% | 140% | 160% | 180% | 200% |
| 25% | 90% | 110% | 130% | 150% | 170% | 190% |
| 20% | 80% | 100% | 120% | 140% | 160% | 180% |
| 15% | 70% | 90% | 110% | 130% | 150% | 170% |
| 10% | 60% | 80% | 100% | 120% | 140% | 160% |
| 5% | 50% | 70% | 90% | 110% | 130% | 150% |
| 0% | 40% | 60% | 80% | 100% | 120% | 140% |
| | 5% | 6% | 7% | 8% | 9% | 10% |
| | EBITDA Before Bonus | | | | | |

*Revenue Growth and Profit Matrix*

I have read and agree to the terms of the Compensation Plan for 2019. I understand that effective January 1, 2019, this replaces all prior compensation plans.

~~JESSE M. DAVIS~~   JESSE M. DAVIS   22 JAN 2019

Signature, Name & Date

Sabrina Stover, CFO

Filing # 128722511 E-Filed 06/14/2021 05:13:59 PM



ATTORNEYS AND COUNSELORS AT LAW

## Chanfrau
A Professional Liability Corporation

──────── "Injured? Let our family help your family" ────────

| **William M. Chanfrau, Jr.** | **W. M. Chanfrau, Sr.** | **Kelly H. Chanfrau** |
|---|---|---|
| Former Assistant State Attorney | Board Certified Civil Trial Attorney | Board Certified Labor & Employment Attorney |
| Personal Injury | Personal Injury | Wage and Hour Disputes |
| Wrongful Death | Wrongful Death | Sexual Harassment |
| Criminal Law | | Personal Injury |

June 14, 2021

Clerk of the Circuit Court, Clay County
Attention: Circuit/Civil
825 North Orange Ave.
Green Cove Springs, FL 32043

> **Re:     Jesse M. Davis v. ERP-Professionals, Inc. et al.**
> **Our File No. 14455**

To Whom It May Concern:

Please prepare two summonses to the following Defendant:

> INCORP SERVICES, INC.
> 17888 67th CT. NORTH
> LOXAHATCHEE, FL  33470

If you have any questions or need additional information, please contact me.

Very truly yours,

*/s/ Kelly H. Chanfrau*
Kelly H. Chanfrau, Esq.

KHC/ms

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA

JESSE DAVIS,                                              CASE NO.:

      Plaintiff,

v.

ERP-Professionals, Inc., a Florida Profit
Corporation, and ERP ANALYSTS, INC.
a Florida Foreign Profit Corporation, a/k/a ERPA GROUP

      Defendants.
_____/

## SUMMONS

**TO:   INCORP SERVICES, INC.
       17888 67th CT. North
       Loxahatchee, FL 33470**

## IMPORTANT

A lawsuit has been filed against you. **You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Circuit Court, located at the Clay County Clerk of Court, 825 N. Orange Ave., P.O. Box 698, Green Cove Springs, FL 32043.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Kelly H. Chanfrau, Esq.
Chanfrau & Chanfrau
701 N. Peninsula Drive
Daytona Beach, FL 32118**

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.  You must keep the Clerk of the Circuit Court's office notified of your current address.  Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia:

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation:

_____
_____
_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint in this civil action on the above-named individual.

DATED: _____

CLERK OF THE CIRCUIT COURT
(SEAL)

By: _____     06/15/2021
      Deputy Clerk

# Clay County Clerk of Circuit Court
## Clay County Receipt of Transaction
### Receipt #93675

Tara S. Green
Clerk of Court
Clay County, Florida

Created by: HERRERAA
Cashiered by:  HERRERAA
On: 06/15/2021   8:02 am
Transaction # 3860556

Kelly H. Chanfrau

701 N. Peninsula Drive
Daytona Beach, FL 32118

CaseNumber   2021CA000481

**Action:**

**Judge:**   LESTER, DON H.

**Received From:**   Kelly H. Chanfrau
701 N. Peninsula Drive
Daytona Beach, FL 32118

| Fee Description | Fee | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|
| Other Civil Filings/Complaints ($400.00) | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| Summons Fee | 10.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total** | **410.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total** | **410.00** | **0.00** | **410.00** | **410.00** | **0.00** |

PAYMENTS

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-PORTAL | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| E-Portal Reference 128722511 ORD #31592667 | SUB TOTAL $410.00<br>CONVENIENCE FEE $14.35<br>CREDIT CARD CHARGE $424.35<br>REMAINING BALANCE $0.00<br><br>I AGREE TO PAY THE ABOVE CREDIT CARD AMOUNT ACCORDING TO ISSUER AGREEMENT INCLUDING THE CREDIT IPASS CONVENIENCE FEE.<br><br>OK<br><br>128722511<br>ORD #31592667 | | | | | |
| | | **820.00** | **0.00** | **0.00** | **0.00** | **820.00** |

Filing # 128748651 E-Filed 06/15/2021 09:24:52 AM



ATTORNEYS AND COUNSELORS AT LAW

# Chanfrau

A Professional Liability Corporation

──────── "Injured? Let our family help your family" ────────

| **William M. Chanfrau, Jr.** | **W. M. Chanfrau, Sr.** | **Kelly H. Chanfrau** |
|---|---|---|
| Former Assistant State Attorney | Board Certified Civil Trial Attorney | Board Certified Labor & Employment Attorney |
| Personal Injury | Personal Injury | Wage and Hour Disputes |
| Wrongful Death | Wrongful Death | Sexual Harassment |
| Criminal Law | | Personal Injury |

June 15, 2021

Clerk of the Circuit Court, Clay County
Attention: Circuit/Civil
825 North Orange Ave.
Green Cove Springs, FL 32043

> **Re:**   **Jesse M. Davis v. ERP-Professionals, Inc. and ERP Analysts, INC**
>        **Our File No. 14455**

To Whom It May Concern:

   Please prepare a summons to the following Defendant:

> ERP ANALYSTS, INC
> C/O INCORP SERVICES, INC
> 17888 67th CT. NORTH
> LOXAHATCHEE, FL  33470

   If you have any questions or need additional information, please contact me.

                    Very truly yours,

                    */s/ Kelly H. Chanfrau*
                    Kelly H. Chanfrau, Esq.

KHC/ms

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA

JESSE DAVIS,                                          CASE NO.:

     Plaintiff,

v.

ERP-Professionals, Inc., a Florida Profit
Corporation, and ERP ANALYSTS, INC.
a Florida Foreign Profit Corporation, a/k/a ERPA GROUP

     Defendants.
_____/

## SUMMONS

**TO:**    **ERP ANALYSTS, INC.**
       **C/O INCORP SERVICES, INC.**
       **17888 67th CT. North**
       **Loxahatchee, FL 33470**

### IMPORTANT

A lawsuit has been filed against you. **You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Circuit Court, located at the Clay County Clerk of Court, 825 N. Orange Ave., P.O. Box 698, Green Cove Springs, FL 32043.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Kelly H. Chanfrau, Esq.**
**Chanfrau & Chanfrau**
**701 N. Peninsula Drive**
**Daytona Beach, FL 32118**

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.  You must keep the Clerk of the Circuit Court's office notified of your current address.  Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

_____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation:

_____
_____
_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint in this civil action on the above-named individual.

DATED: _____

CLERK OF THE CIRCUIT COURT

By: _____    06/15/2021
     Deputy Clerk

# Clay County Clerk of Circuit Court
## Clay County Receipt of Transaction
### Receipt #93802

Tara S. Green
Clerk of Court
Clay County, Florida

Kelly H. Chanfrau
701 N. Peninsula Drive
Daytona Beach, FL 32118

Created by: BEARDK
Cashiered by:  BEARDK
On: 06/15/2021   3:02 pm
Transaction # 3860691

| CaseNumber  2021CA000481 |
|---|

**Action:**

**Judge:** LESTER, DON H.

**Received From:** Kelly H. Chanfrau
701 N. Peninsula Drive
Daytona Beach, FL 32118

| Fee Description | Fee | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|
| Other Civil Filings/Complaints ($400.00) | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Summons Fee | 10.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Summons Fee | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | **420.00** | **0.00** | **10.00** | **10.00** | **0.00** |
| **Grand Total** | **420.00** | **0.00** | **10.00** | **10.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-PORTAL | | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |
| E-Portal Reference 128748651 ORD #31594899 | SUB TOTAL $10.00<br>CONVENIENCE FEE $0.35<br>CREDIT CARD CHARGE $10.35<br>REMAINING BALANCE $0.00<br>I AGREE TO PAY THE ABOVE CREDIT CARD AMOUNT ACCORDING TO ISSUER AGREEMENT INCLUDING THE CREDIT IPASS CONVENIENCE FEE.<br><br>OK<br><br>128748651<br>ORD #31594899 | | | | | |
| | | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |

Page 1 of 1