Filing # 128722511 E-Filed 06/14/2021 04:48:32 PM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR CLAY COUNTY, FLORIDA

JESSE M. DAVIS,

        Plaintiff,

vs.

ERP-Professionals, Inc., a Florida Profit Corporation, and ERP ANALYSTS, INC., a Florida Foreign Profit Corporation, a/k/a ERPA GROUP

        Defendants.
_____/

Case No.:
**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff JESSE M. DAVIS ("Plaintiff"), by and through his attorneys, sues Defendant ERP-PROFESSIONALS, INC. and Defendant ERP ANALYSTS, INC. a/k/a ERPA GROUP (collectively, "Defendants") and alleges as follows:

### PARTIES

1. At all times material hereto, Plaintiff was a resident of Clay County, Florida.

2. Defendant ERP-PROFESSIONALS, INC. is a Florida corporation with its principal place of business in Dublin, Ohio, and is licensed and authorized to conduct business in the State of Florida.

3. Defendant ERP ANALYSTS, INC. a/k/a ERPA GROUP is a Florida Foreign Profit Corporation in Florida, and is licensed and authorized to conduct business in the State of Florida.

### JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this case because it is an action for damages in excess of $30,000.00 exclusive of interest, attorneys' fees, and costs.

1

5. This court has jurisdiction over Defendants because:

   a. Defendants operate, conduct, engage in, and/or carry on a business or business venture in the State of Florida;

   b. Defendants entered a contract/agreement with Plaintiff, a resident of the State of Florida, and breached the contract/agreement by failing to perform acts required by the contract/agreement;

   c. Defendants caused injury to Plaintiff in the State of Florida arising out of an act or omission by Defendants who were engaged in solicitation or service activities within this state at the time of injury;

   d. Defendants employed Plaintiff as a remote employee. Plaintiff resided in Clay County, Florida during his employment with Defendants and primarily preformed services for Defendants at his residence in Clay County, Florida.

   e. Defendants engaged in substantial and not isolated activity within Florida, including hiring Plaintiff to work remotely when Plaintiff resided in Clay, County, Florida.

6. Venue is proper in Clay County, Florida because Plaintiff worked for Defendants in Clay County, Florida and expected payment from the same in this judicial district; the causes of action accrued in this judicial district; and substantial part of the events giving rise to this claim arose in this judicial district.

<strong>ADMINISTRATIVE PREREQUISITES</strong>

7. All conditions precedent to bringing this action have occurred.

8. Plaintiff has complied with all conditions precedent to the filing of this suit required by 42 U.S.C. § 2000(e)–5(f)(3) and Florida Statutes, Chapter 760.

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR").

10. EEOC issued a Right to Sue and this lawsuit is timely filed and more than 180 days have passed since the filing of the charges without a finding or determination.

11. Defendants are both within the definition of the term "employer" as it is defined by the laws under which this action is brought. Defendants jointly employ the required number of employees to be covered under state and federal law.

## GENERAL ALLEGATIONS

12. At all times material hereto, Defendants acted with malice and with reckless disregard for Plaintiff's stated protected rights.

13. At all times material hereto, Plaintiff was qualified to perform his job duties as a Director of Customer Success within the reasonable and legitimate expectations of his employer.

14. Plaintiff has been required to retain the undersigned counsel to provide legal representation in this action and is obligated to pay his counsel a reasonable fee for legal services.

15. Plaintiff requests a jury trial for all issues so triable.

## FACTS

16. Plaintiff is a 61-year-old male.

17. On or about January 12, 2019, Defendants hired Plaintiff as a Director of Customer Success, a primarily remote role.

18. On or about January 22, 2019, Plaintiff entered an agreement with Defendants titled "Director Compensation Plan for Director of Customer Success January 1, 2019 to December 31,

2019" (the "Agreement"). A true and correct copy of the Agreement is attached to this Complaint as **Exhibit A**.

19. The Agreement governed Plaintiff's compensation through December 31, 2019.

20. Under the Agreement, Plaintiff's Total Compensation for 2019 included a Base Salary and Corporate Bonus.

21. Under the Agreement, Plaintiff's Base Salary was $165,000.00.

22. Under the Agreement, Plaintiff's Corporate Bonus Target was $24,750.00 (15% of base salary).

23. Under the Agreement, Plaintiff's Total Target Compensation for 2019 was $189,750.00.

24. Under the Agreement, compensation is pro-rated for partial year employees.

25. Plaintiff began working for Defendants on or about March 17, 2019.

26. Plaintiff was a partial year employee for the year 2019.

27. Under the Agreement, Defendants were obligated to pay Plaintiff a pro-rated Corporate Bonus for the year 2019.

28. Plaintiff did not receive any bonus payment for the year 2019.

29. Plaintiff fully performed his obligations under the Agreement and all conditions precedent were satisfied.

30. Defendants breached the Agreement by not paying Plaintiff a bonus for the year 2019.

31. Throughout his employment with Defendants, Plaintiff was under the impression that he was performing at a satisfactory level.

4

32. Plaintiff's discussions with his direct supervisor—Louis Leclerc, Senior Vice President of Customer Success—indicated to Plaintiff that he was meeting the requirements of his job and performing his work at a level that met or exceeded the expectations of his employer.

33. Plaintiff was told that two of his larger clients, Daytona State College and Florida State College at Jacksonville, emailed Leclerc and indicated that they were happy with Plaintiff and his work.

34. On or about March 24, 2020, Plaintiff was terminated because of his age.

35. At the time of his termination, Plaintiff was 59 years old.

36. When questioned by Plaintiff, Defendants refused to respond as to why Plaintiff was being terminated.

37. Shortly thereafter, Defendants replaced Plaintiff with someone much substantially younger: Jay Holland.

38. On or about the same day that Plaintiff was terminated, Defendants also terminated at least four other employees over the age of 40: Richard George, Louis Leclerc, Marc Miller, and Robert Troike.

39. All of the employees terminated on or about March 24, 2020, including Plaintiff, were remote employees.

40. In or around January 2020—just a few months before Plaintiff's termination—Defendants terminated at least one other remote employee over the age of 40: Steve Keough.

41. Prior to his wrongful termination, Plaintiff did not receive any indication that his performance had been less than satisfactory.

42. Defendants' reasons for terminating Plaintiff and treating Plaintiff differently than other employees are a mere pretext.

5

43. All general and statutory conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by Defendants' actions.

44. Due to Defendants' actions, Plaintiff had to retain counsel and is obligated to pay reasonable attorneys' fees for their services. Plaintiff requests said attorneys' fees as damages in this lawsuit. Plaintiff is entitled to recover attorneys' fees and costs as may be appropriate under Florida law, federal law, or other applicable law.

## COUNT I – FCRA: AGE DISCRIMINATION

45. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

46. Plaintiff is a member of a protected class under the Florida Civil Rights Act of 1992 ("FCRA") due to his age.

47. The above actions by Defendants were based on Plaintiff's age. Younger persons were not treated this way.

48. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the FCRA.

49. Pursuant to, and in connection with a common plan, Defendants embarked upon a concerted, systematic, and willful course of discrimination based upon Plaintiff's age, which was over 40.

50. Defendants' conduct constitutes age discrimination in employment in violation of the FCRA.

51. Defendants knew or should have known of the discrimination.

52. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

53. As a result of Defendants' willful, knowing, and intentional conduct, Plaintiff suffered mental anguish, emotional distress, personal embarrassment, and humiliation among his peers, former customers, friends, and family.

54. WHEREFORE, Plaintiff demands judgment against Defendants for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. All other relief that the Court deems just and proper.

## COUNT II – ADEA: AGE DISCRIMINATION

55. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

56. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act ("ADEA") due to his age.

57. The above actions by Defendants were based on Plaintiff's age. Younger persons were not treated this way.

58. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of federal law.

59. Pursuant to, and in connection with a common plan, Defendants embarked upon a concerted, systematic, and willful course of discrimination based upon Plaintiff's age, which was over 40.

60. The above actions were made by Defendants in knowing or reckless disregard of the requirements of the ADEA and Older Workers Benefit Protection Act ("OWBPA").

61. Defendants knew or should have known of the discrimination.

62. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

63. As a result of Defendants' willful, knowing, and intentional conduct, Plaintiff suffered mental anguish, emotional distress, personal embarrassment, and humiliation among his peers, former customers, friends, and family.

64. WHEREFORE, Plaintiff demands judgment against Defendants for:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive damages;

   f. Attorneys' fees and costs;

   g. Injunctive relief; and

   h. All other relief that the Court deems just and proper.

**COUNT III – UNPAID WAGES UNDER FLA. STAT. § 448.08: BREACH OF WRITTEN EMPLOYMENT CONTRACT**

65. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

66. This is a claim by Plaintiff against Defendants for unpaid wages owed to Plaintiff pursuant to a written employment contract/agreement.

67. Plaintiff and Defendants entered into a written employment agreement. (*See* Ex. A.)

68. Pursuant to the Agreement, Defendants agreed to compensate Plaintiff for his work at the terms specified above. (*See* Ex. A.)

69. An essential term of the Agreement was that Defendants would pay Plaintiff according to the terms of said Agreement (detailed in the attached Ex. A).

70. Defendants materially breached the Agreement by refusing to disburse Plaintiff's pro-rated Corporate Bonus for the year 2019.

71. Defendants have willfully failed to pay Plaintiff for worked performed.

72. Plaintiff has been damaged due to Defendants' deliberate failure to pay Plaintiff the appropriate amount for the agreed upon Corporate Bonus for the year 2019. (*See* Ex. A.)

73. As a direct and proximate result of Defendants' deliberate failure to pay Plaintiff his pro-rated Corporate Bonus for 2019, Plaintiff suffered damages and is owed unpaid wages in the amount equal to his pro-rated Corporate Bonus for the year 2019 (*see* Ex. A), plus interest.

74. Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

75. WHEREFORE, Plaintiff demands judgment against Defendants for:

   a. Damages in an amount to be determined at trial;

   b. Costs, interest, and reasonable attorneys' fees; and

   c. All other relief that the Court deems just and proper.

**COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

76. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

77. Plaintiff and Defendants are parties to a written contract/agreement. (*See* Ex. A.)

78. Defendants, through a conscious and deliberate act, failed to discharge their contractual obligation to pay Plaintiff a Corporate Bonus for the year 2019.

79. Defendants' failure unfairly frustrates the contract's purpose and disappoints Plaintiff's expectations.

80. Defendants' breach deprives Plaintiff of the contract's benefits.

81. As a result of Defendants' breaches, Plaintiff suffered damages.

82. WHEREFORE, Plaintiff demands judgment against Defendants for:

   a. Damages in an amount to be determined at trial;

   b. Costs, interest, and reasonable attorneys' fees; and

   c. All other relief that the Court deems just and proper.

## COUNT V – UNPAID WAGES UNDER FLA. STAT. § 448.08: BREACH OF IMPLIED-IN-FACT CONTRACT

83. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

84. This is a claim by Plaintiff against Defendants for unpaid wages owed to Plaintiff pursuant to an implied-in-fact contract and is pled in the alternative to breach of contract.

85. Plaintiff and Defendants entered into an employment agreement in which some of the terms are inferred from the parties' conduct and the surrounding circumstances.

86. The assent of Plaintiff and Defendants is derived from the facts and circumstances, including the parties' conduct, course of dealing, and performance.

87. Plaintiff and Defendants agreed that Plaintiff's Total Compensation for the year 2019 would include a Base Salary and a Corporate Bonus.

88. Plaintiff and Defendants agreed that Plaintiff's Total Compensation for the year 2019 would be pro-rated.

89. Plaintiff's Base Salary for the year 2019 was pro-rated.

90. Defendants failed to pay Plaintiff a pro-rated Corporate Bonus for the year 2019.

91. Defendants breached the parties' implied agreement by failing to disburse Plaintiff's pro-rated Corporate Bonus for the year 2019.

92. As a result of Defendants' breach of the parties' implied agreement, Plaintiff suffered damages and is owed unpaid wages in the amount equal to his pro-rated Corporate Bonus for the year 2019 (*see* Ex. A), plus interest.

93. Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

94. WHEREFORE, Plaintiff demands judgment against Defendants for:

   a. Damages in an amount to be determined at trial;

   b. Costs, interest, and reasonable attorneys' fees; and

   c. All other relief that the Court deems just and proper.

**COUNT VI – UNPAID WAGES UNDER FLA. STAT. § 448.08: PROMISSORY ESTOPPEL**

95. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

96. This is a claim by Plaintiff against Defendants for unpaid wages based on promissory estoppel and is pled in the alternative to breach of contract.

97. Defendants promised to pay Plaintiff a Corporate Bonus for the year 2019.

98. Defendants represented to Plaintiff that his Corporate Bonus for the year 2019 would be pro-rated.

99. Defendants reasonably should have expected these promises and representations to induce reliance in the form of action or forbearance on the part of Plaintiff.

100. Plaintiff reasonably relied on Defendants' promises and representations, which induced such action and forbearance by Plaintiff.

101. Plaintiff suffered a detriment caused by reliance on Defendants' promises and representations

102. Injustice can only be avoided by enforcement of these promises and representations against Defendants.

103. Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

104. WHEREFORE, Plaintiff demands judgment against Defendants for:

   a. Damages in an amount to be determined at trial;

   b. Costs, interest, and reasonable attorneys' fees; and

   c. All other relief that the Court deems just and proper.

**COUNT VII – UNPAID WAGES UNDER FLA. STAT. § 448.08: UNJUST ENRICHMENT**

105. Plaintiff incorporates and realleges paragraphs 1–44 as if fully set forth herein.

106. This is a claim by Plaintiff against Defendants for unpaid wages based on unjust enrichment and is pled in the alternative to breach of contract.

107. Plaintiff conferred benefits on Defendants and Defendants have knowledge thereof.

108. Specifically, Plaintiff generated revenue for Defendants and expanded Defendants' client and customer base.

109. Defendants voluntarily accepted and retained the benefits conferred by Plaintiff.

110. Plaintiff was not compensated fully for his services.

111. Plaintiff and Defendants agreed that Plaintiff's Total Compensation for the year 2019 would include a pro-rated Corporate Bonus.

112. Defendants failed to pay Plaintiff a pro-rated Corporate Bonus for the year 2019.

113. Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff fully for his services.

114. The circumstances render Defendants' retention of the benefits provided by Plaintiff inequitable unless Defendants pay Plaintiff the value of the benefits.

115. Defendants have been unjustly enriched at the expense of Plaintiff.

116. Plaintiff is entitled to damages as a result of Defendants' unjust enrichment.

117. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff suffered damages and is owed unpaid wages in the amount equal to his pro-rated Corporate Bonus for the year 2019 (*see* Ex. A), plus interest.

118. Under Fla. Stat. § 448.08, Plaintiff is entitled to costs of the action and reasonable attorneys' fee.

119. WHEREFORE, Plaintiff demands judgment against Defendants for:

    a. Damages in an amount to be determined at trial;

    b. Costs, interest, and reasonable attorneys' fees; and

    c. All other relief that the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS

Dated: June 14, 2021                                   Respectfully submitted,

                                                                  CHANFRAU & CHANFRAU

                                                                  */s/ Kelly H. Chanfrau*
                                                                  Kelly H. Chanfrau, B.C.S
                                                                  Florida Bar No. 560111
                                                                  701 N. Peninsula Drive
                                                                  Daytona Beach, FL, 32118
                                                                  Telephone: 386-258-7313
                                                                  Fax: 386-258-8783
                                                                  Kelly@Chanfraulaw.com
                                                                  Attorney for Plaintiff Jesse M. Davis

-and-

FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Telephone: 205-270-7000
Fax: 205-278-7001

By: /s/ Carmen E. Weite
Carmen E. Weite
Florida Bar No.: 1015582
cweite@friedman-lawyers.com
Attorney for Plaintiff Jesse M. Davis