# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JESSE M. DAVIS,                                Case No.: 3:21-CV-00681-
                                               MMH-JRK
                    Plaintiff,                 **JURY TRIAL DEMANDED**

vs.

ERP-PROFESSIONALS, INC., a Florida
Profit Corporation, and ERP ANALYSTS,
INC., a Florida Foreign Profit Corporation,
a/k/a ERPA GROUP,

                    Defendants.
_____/

## PLAINTIFF'S MOTION TO REMAND
## AND SUPPORTING MEMORANDUM

Plaintiff Jesse M. Davis, pursuant to 28 U.S.C. § 1447(c) and Rule 3.01 M.D. Fla. L.R., moves to remand this case to the Circuit Court for the Fourth Judicial Circuit, in and for Clay County, Florida, from which it was removed. In support of this Motion, Plaintiff submits the Memorandum of Law below and states as follows:

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.      On June 14, 2021, Plaintiff sued Defendants ERP-Professionals, Inc. and ERP Analysts, Inc. in the Circuit Court for the 4th Judicial Circuit, in and for Clay County, Florida, Case No. 2021-CA-000481, for violations of the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"), for unpaid wages under Fla. Stat. § 448.08, and for breach of implied

covenant of good faith and fair dealing. (Doc. 3)

2.     On July 12, 2021, Defendants removed this case to federal court. (Doc. 1.) The basis of the Defendants' motion was that this Court has original jurisdiction over the ADEA claim. (Doc. 1 ¶ 4).  Defendants filed a notice of removal based upon 28 U.S.C. § 1331 (federal question) because Plaintiff's Count II, was based upon the federal ADEA claim.

3.     Defendants answered the Complaint on July 19, 2021. (Doc. 5)

4.     Plaintiff amended his Complaint as a matter of course[1] on August 9, 2021. (Doc. 12) The First Amended Complaint eliminated Plaintiff's federal ADEA claim and now only contains claims arising under Florida state law. *See id.*

5.     The operative Amended Complaint does not contain a count arising under federal law, so there is no federal question jurisdiction. Because there is neither federal question jurisdiction nor diversity jurisdiction, Plaintiff seeks to remand the action to state court. Defendants, preferring to litigate this matter in federal court, oppose the remand.

## II.     MEMORANDUM OF LAW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

---

[1] Under Federal Rule 15, a party may amend its pleading once as a matter of course within 21 days after service of an answer. *See* FED. R. CIV. P. 15(a)(1)(B).

(internal quotation marks omitted). Federal subject matter jurisdiction "cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Defendants sought removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, asserting that this Court has original jurisdiction over Plaintiff's ADEA claim. (Doc. 1 ¶ 4) But the operative Complaint—Plaintiff's First Amended Complaint— eliminated the ADEA claim and exclusively seeks relief under Florida state law only. (Doc. 12) This Court thus lacks subject matter jurisdiction, and this case should be remanded.

### A.   There is no longer a basis for federal question jurisdiction.

Federal courts may remand a case at any time on the basis of a lack of subject matter jurisdiction identified in a motion for remand. 28 U.S.C. §1447(c); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007). Section 1447(c) provides in part that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall be remanded***." 28 U.S.C. § 1447(c) (emphasis added). Federal courts are directed to strictly construe removal statutes. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F. 3d 405, 411 (11th Cir.

1999). "Consistent with this position, district courts facing a motion for remand must resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party." *Univ. of S. Ala.*, 168 F.3d. at 411; *see also Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941) (stating that courts strictly construe the removal statutes in favor of remand and against removal) and *Burns v. Winsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir 1994) (noting that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand")).

In *Villaverde v. Miami Beach Community Health Center, Inc.*, No. 16-cv-22318, 2016 WL 5522783 (S.D. Fla. Sept. 30, 2016), the Southern District of Florida remanded a case to state court under nearly identical circumstances. The plaintiff initially filed suit in state court, asserting federal claims under the ADEA and state claims under the FCRA. *Villaverde*, 2016 WL 5522783 at *1. The defendant removed the action on the basis of federal question jurisdiction. *Id.* Following removal, the plaintiff filed an amended complaint, in which she removed all allegations under the ADEA and only retained allegations under the FCRA. *Id.* Thereafter, the plaintiff moved to remand the case to state court and the defendant opposed. *Id.* Ultimately, the district court granted the plaintiff's motion to remand the case to state court. *Id.* at *2. In doing so, the court stated: "Under Federal Rule

15, a party may amend its pleading once as a matter of course within 21 days after service of an answer. Plaintiff was well within her right under the Federal Rules to amend her Complaint accordingly." *Id.* at *1 (citing FED. R. CIV. P. 15(a)(1)(B)). The court further explained:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. ***Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand*** with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Id.* at *2 (emphasis added) (quoting *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995)). Thus, the district court granted the plaintiff's motion and remanded the case to state court.

Here, Plaintiff properly exercised his right to amend the Complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B). Defendants answered the Complaint on July 19, 2021. (Doc. 5) Plaintiff amended the Complaint on August 9, 2021. (Doc. 12) The First Amended Complaint eliminated Plaintiff's only federal law claim: the ADEA claim. (Doc. 12) Now, the operative Complaint only contains state law

claims. The First Amended Complaint stripped this lawsuit of any federal statute or law. This case no longer involves a federal question. The federal question basis for removal (upon which Defendants relied) no longer applies. As such, this Court lacks subject matter jurisdiction and should remand this action to state court.

**B.     Supplemental jurisdiction would not promote judicial economy.**

Because the operative Complaint (Doc. 12) does not contain any federal claim and there is no remaining federal question jurisdiction, the only way that this Court may retain jurisdiction over this state law claims is through supplemental jurisdiction. 28 U.S.C. §1367(c). "The doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348–49 (1988)). "The district court[] may decline to exercise supplemental jurisdiction over a claim under [supplemental jurisdiction] if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This provision "is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

The Eleventh Circuit has stated a policy in favor of dismissing state law claims

under these same circumstances. *See e.g.*, *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

The exercise of supplemental jurisdiction is not appropriate here. This Court should decline to exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claims because doing so would not promote judicial economy. Rather, remand will promote both comity and economy by allowing the state court to resolve issues of state law. Thus, this Court should remand this case to the circuit court from which it was removed: the Circuit Court for the Fourth Judicial Circuit, in and for Clay County, Florida.

## III.   CONCLUSION

The operative Complaint no longer contains any claims subject to this Court's original jurisdiction because there is no longer a claim based on federal law. Without the ADEA claim, this lawsuit is devoid of any federal question.

Plaintiff respectfully requests that this Court: (a) grant this Motion; (b) enter an order remanding this case to the state court where it was originally filed: the

Circuit Court for the Fourth Judicial Circuit, in and for Clay County, Florida; and (c) mail a certified copy of the order to the clerk of the state court.

## CERTIFICATE PURSUANT TO LOCAL RULE 3.01(G)

In accordance with local rule 3.01(g), the undersigned certifies that she has conferred in good faith with counsel for Defendants and they have indicated that Defendants oppose this Motion.

Dated: August 11, 2021                    Respectfully submitted,

CHANFRAU & CHANFRAU

*s/ Kelly H. Chanfrau*
Kelly H. Chanfrau, B.C.S
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL, 32118
Telephone: 386-258-7313
Fax: 386-258-8783
Kelly@Chanfraulaw.com
Attorney for Plaintiff Jesse M. Davis

-and-

FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Telephone: 205-270-7000
Fax: 205-278-7001

By: */s/ Carmen E. Weite*
Carmen E. Weite
Florida Bar No. 1015582
cweite@friedman-lawyers.com
Attorney for Plaintiff Jesse M. Davis

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>11th</u> day of August 2021, a true and correct copy of the foregoing has been filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


<u>*/s/ Kelly H. Chanfrau*</u>
Attorney